## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

SLINT KATE,                          )
   a/k/a Slint K. Tate,              )
                                       )
   Petitioner,                       )
                                         )
v.                                   )    Case No. CIV-26-411-G
                                         )
TERRY ROYAL, Warden,                 )
                                         )
   Respondent.                       )

## ORDER

On March 4, 2026, Petitioner Slint Kate, a/k/a Slint K. Tate, a state prisoner appearing pro se, filed this action seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. *See* Pet. (Doc. No. 1). In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Chris M. Stephens for initial proceedings.

On March 6, 2026, Judge Stephens issued a Report and Recommendation ("R. & R.," Doc. No. 7), in which he recommended dismissal of the pleading upon preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. In the R. & R., Judge Stephens advised Petitioner of his right to object to the R. & R. by March 27, 2026. Judge Stephens also advised that a failure to timely object would constitute a waiver of the right to appellate review of the factual findings and legal conclusions contained in the R. & R.

As of this date, Petitioner has not submitted an objection to the R. & R. or sought leave for additional time to do so.

CONCLUSION

Accordingly, the Report and Recommendation (Doc. No. 7) is ADOPTED in its entirety. The Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED without prejudice. A separate judgment shall be entered.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review, the Court concludes that the requisite standard is not met in this case. Thus, a certificate of appealability is DENIED.

IT IS SO ORDERED this 23rd day of April, 2026.

_____
CHARLES B. GOODWIN
United States District Judge